IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM M. SMITH,

        Plaintiff,

   v.

HARDY MYERS; JEFFREY VAN VALKENBURGH;
CAROLYN ALEXANDER; JOHN KITZHABER;
HENRY LAZENBY, JR.; DIANE REA;
MICHAEL WASHINGTON; CYNTHIA HANNERS;
WAYNE ETHERLY; NINA TORONTO; KAROL
PERRY; JOHN PERRY; CYNTHIA CAIN;
CARLA TUPOU; GINA VANT; DAVE COOK;
ROBERT LAMPERT; MITCH MORROW;
CHRISTIE TOWERS; RICHARD SLY;
RANDY SETTELL; LISA RAMSEY;
STEVEN JENSEN; RICK LYTLE; N.B.
BACON; JENNIFER LLOYD; RICHARD
SLY; LISA RAMSEY; and RICK LYTLE,

        Defendants.

Civil No. 06-1847-BR

OPINION AND ORDER

     WILLIAM M. SMITH
     240 NE Dunn Place
     McMinnville, OR  97218

        Plaintiff *Pro Se*

1 - OPINION AND ORDER -

**HARDY MYERS**
Attorney General
**JACQUELINE SADKER**
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

      Attorneys for Defendants Myers,
      Van Valkenburgh, Alexander,
      Kitzhaber, Lazenby, Rea,
      Washington, Hanners, Etherly,
      Toronto, Karol Perry, John Perry,
      Cain, Tupou, Vant, Cook, Lampert,
      Morrow, Towers, and Lloyd
      (the "State Defendants")

**BRUCE L. MOWERY**
Attorney at Law
280 Liberty Street SE
Suite 206
Salem, OR  97301

      Attorney for Defendants Sly, Settell,
      Ramsey, and Lytle
      (the "Yamhill County Defendants")

**WYATT E. ROLFE**
Schroeder Law Offices, P.C.
1915 NE 39th Avenue
Portland, OR  97212

      Attorney for Defendant Bacon

**SANDER M. HULL**
Jackson & Wallace, LLP
1001 SW Fifth Avenue
Suite 1100
Portland, OR  97204

      Attorney for Defendant Steven Jensen

**BROWN, Judge.**

Plaintiff, a former inmate of the Oregon Department of Corrections, brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the Court are several matters. For the reasons that follow, the Court **DISMISSES** this action **with prejudice.**

<u>**BACKGROUND**</u>

At the time he filed this action on December 27, 2006, Plaintiff was incarcerated at the Eastern Oregon Correctional Institution. In his 70-page Complaint, Plaintiff alleges myriad claims against four groups of Defendants: (1) the "State Defendants," Oregon Department of Corrections employees who were involved in decisions in 1998 and 2003 concerning Plaintiff's good-time credits and parole eligibility, and who allegedly blocked Plaintiff's meaningful access to the courts; (2) the "Yamhill County Defendants," individuals involved in the revocation of Plaintiff's parole in 1998; (3) Defendant Bacon, a private citizen whose complaints regarding Plaintiff's activities led to Plaintiff's 1998 parole revocation; and (4) Defendant Jensen, a psychologist from whom Plaintiff received treatment prior to his 1998 parole revocation.

On March 8, 2001, Plaintiff filed a civil rights action in this Court containing many of the same allegations as the present

Complaint against the same Defendants, except Defendants Bacon and Jensen were not then named Defendants.  On December 20, 2001, the Honorable Ancer L. Haggerty dismissed that action (01-CV-00318-HA) with prejudice.  The Court dismissed three of the claims under *Heck v. Humphrey*, 512 U.S. 477 (1994), and two of the claims were dismissed on the basis of absolute immunity.  On appeal, the Ninth Circuit Court of Appeals held Plaintiff's claims concerning the calculation of good time credit and parole release were premature under *Heck*, and remanded the case for entry of judgment dismissing those claims without prejudice.  *Smith v. Myers*, 58 Fed. Appx. 366 (9th Cir., March 10, 2003).  The Ninth Circuit also found the record was insufficient to determine whether absolute immunity was appropriate.  *Id.*  Pursuant to the Mandate, the Court dismissed the action without prejudice on April 23, 2003.

The State Defendants, the Yamhill County Defendants, and Defendant Jensen now move the Court for an order dismissing Plaintiff's current claims against them on the basis that his December 27, 2006, Complaint was not timely filed.  In addition, Defendant Bacon moves for dismissal because Plaintiff fails to state a claim against her upon which relief may be granted under 42 U.S.C. § 1983, the court lacks jurisdiction to consider Plaintiff's state law claims, and Plaintiff did not timely file this Complaint.

## **LEGAL STANDARDS**

When a prisoner files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

(B)  the action . . .

(I)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. *Tanner*, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, a court must construe the pleadings liberally and afford the

plaintiff the benefit of any doubt.  *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1998); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court ordinarily supplies the plaintiff with a statement of the complaint's deficiencies.  *McGuckin*, 974 F.2d at 1055; *Karim-Panahi*, 839 F.2d at 623-24; *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).  A *pro se* litigant will not be given leave to amend his or her complaint, however, when it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I.   Heck v. Humphrey

In order to recover damages based on allegedly unconstitutional imprisonment, a plaintiff asserting a violation of 42 U.S.C. § 1983 must show that the legality of the imprisonment has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *See Heck v.*

*Humphrey*, 512 U.S. 477, 486-87 (1994).  A claim for damages based upon an allegedly illegal term of imprisonment that has not been so invalidated is not cognizable under § 1983.  *Id.*; *see also Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997) (*Heck* barred a prisoner's claim for money damages based upon prison officials' alleged denial of constitutional rights in denying release on parole).

Many of Plaintiff's allegations against Defendants in this action call into question the revocation of Plaintiff's parole, the denial of earlier release on good-time credits, and the denial of release on parole; *i.e.*, the legality of Plaintiff's continued incarceration.  As such, these claims would generally be barred under *Heck* until such time as the legality of Plaintiff's incarceration has been reversed, expunged, set aside, or otherwise called into question.  Plaintiff argues *Heck* does *not* bar his claims, however, because the underlying sentence expired on December 7, 2005, rendering moot any habeas challenge to the legality of parole and good-time decisions related to the execution of that sentence.  *See Spencer v. Kemna*, 523 U.S. 1, 14 (1998).

The question whether there may be exceptions to the *Heck* bar in situations where federal habeas corpus relief is no longer available has not been settled by the Supreme Court.  *See Muhammad*

*v. Close*, 540 U.S. 749, 752 n.4 (2004) (citing *Spencer*, 523 U.S. at 21-22 (Ginsburg, J., concurring) and *Heck*, 512 U.S. at 491 (Souter, J., concurring in judgment)).  In *Guerrero v. Gates*, 442 F.3d 697, 704 (9th Cir. 2006), however, the Ninth Circuit noted an exception to the *Heck* bar founded on the fear that an inmate may have something happen close to the end of his sentence and not be able to exhaust his state remedies and file a habeas corpus action on the new issue prior to his release.  *Simon v. Austin*, 2007 WL 635569 (W.D. Wash., Feb. 26, 2007).  Recognizing this dilemma, the court stated:

> [W]e have emphasized the importance of timely pursuit of available remedies in two cases.  In *Cunningham v. Gates*, we held that *Heck* barred the plaintiff's § 1983 claims despite the fact that habeas relief was unavailable.  Habeas relief was "impossible as a matter of law" in Cunningham's case because he failed timely to pursue it.  We "decline[d] to hold that Cunningham's failure timely to pursue habeas remedies [took] his § 1983 claim out of *Heck*'s purview."

*Guerrero*, 442 F.3d at 704-05 (footnotes omitted).

The second case referred to *Guerrero* is *Nonnette v. Small*, 316 F.3d 872 (9th Cir. 2002), *cert. denied*, 540 U.S. 1218 (2004).  There, the prisoner sought money damages for prison officials' alleged violation of his constitutional rights in miscalculating his prison sentence and revoking good-time credits.  Unlike *Cunningham*, however, the plaintiff in *Nonnette* timely pursued appropriate relief, but was released on parole before relief could

be granted.  *Guerrero*, 442 F.3d at 705 (citing *Nonnette*, 316 F.3d at 877 n. 6).

Here, Plaintiff complains of actions taken by Defendants in 1997, 1998, and 2003.  In his legal memoranda filed in response to the pending motions to dismiss, Plaintiff mentions in passing that he filed a state habeas action challenging at least some of the same action at issue here.  Plaintiff does not, however, indicate the outcome of the state case, and this Court cannot locate any record that Plaintiff ever sought federal habeas corpus relief.

Given the length of time that has elapsed and the fact Plaintiff was advised by Judge Haggerty as early as December 2001 of the application of *Heck* to his claims, this Court concludes Plaintiff's claims seeking to attack the revocation of his parole, denial of good-time credits, and denial of early release on parole, all of which occurred prior to 2000, do not fall within the *Nonnette* exception to the *Heck* bar.  Accordingly, those claims must be dismissed.  *See Smith*, 2007 WL 635569 (holding *Nonnette* exception did not apply to plaintiff challenging decision not to grant early release on parole when plaintiff was no longer incarcerated and failed to show he was unable to pursue other remedies).

II.  **Timeliness**

As noted, all of Plaintiff's claims involve actions taken by Defendants in 1997, 1998, and 2003.  Nonetheless, Plaintiff argues his claims are not time-barred for two reasons:  (1) he did not discover the basis for his claims until January 2006 when he reviewed his Yamhill County Corrections file, and (2) several of his claims are "continuing."  Plaintiff's arguments are without merit.

A.  **Accrual of Plaintiff's Claims**

The statute of limitations in a § 1983 suit is the same as provided under state law for personal-injury torts.  *Wallace v. Kato*, 127 S.Ct. 1091, 1094 (2007).  In Oregon, personal injury claims are governed by the two-year statute of limitations set forth Or. Rev. Stat. § 12.110, and, therefore, § 1983 claims are subject to the same two-year limitation period.  *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002).

The accrual date of a § 1983 action, however, is a question of federal law that is not resolved by reference to state law.  *Wallace*, 127 S.Ct. at 1095.  Under federal common-law tort principles, "it is the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief."  *Id*.  (internal citations omitted).  Thus, a federal claim accrues when

the plaintiff knows or has reason to know the injury which is the basis of the action. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991), *cert. denied*, 502 U.S. 1091 (1992). Accrual of a claim is not delayed until a plaintiff is aware of the full extent of his damages or all of the details relevant to his claim. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999), *cert. denied*, 529 U.S. 1117 (2002).

Here, Plaintiff argues it was not until he reviewed his Yamhill County Corrections file in January 2006 that he discovered the basis for several of his claims. In fact, however, allegations contained throughout Plaintiff's Complaint conclusively belie this argument. Thus, on the face of the Complaint, Plaintiff's argument he did not "discover" certain claims until January 2006 is without merit.

**B.    Continuing Violations Doctrine**

A mere continuing impact from past violations is not actionable. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001); *Grimes v. City and County of San Francisco*, 951 F.2d 236, 238-39 (9th Cir. 1991). Under the "continuing violations" doctrine, however, a plaintiff may base liability on conduct that occurs beyond the limitations period if the conduct is closely related to allegedly unlawful conduct occurring within the limitations

period.  *Green v. Los Angeles County Superintendent of Schs.*, 883
F.2d 1472, 1480-81 (9th Cir. 1989).

Under Oregon law, a "continuing tort" is based on the concept
that recovery is for the cumulative effect of wrongful behavior,
not for discrete elements of that conduct.  *Barrington v.
Sandburg*, 164 Or. App. 292, 296, 991 P.2d 1071 (1999).  When a
Plaintiff alleges harm from each discrete act in a series, the
continuing tort theory does not apply.  *Id*. at 297.

Here, Plaintiff argues the conditions of parole imposed in
1998 and 2003 about which he complains in paragraphs 182, 182,
183, 184, 185, 186, and 187, of his Complaint constitute a
"continuing" violation of his rights because some of the same
conditions have been imposed with respect to Plaintiff's 2007
parole.  Plaintiff's Complaint, however,  does not allege claims
pertaining to his 2007 parole.  Whether conditions of Plaintiff's
current parole violate his constitutional rights is not at issue
in this case, and the fact that some of the same conditions were
imposed in 1998 and 2003 on parole from a separate, expired
sentence does not create a "continuing violation."  Accordingly,
to the extent Plaintiff's claims are not barred by *Heck* as
discussed above, all remaining claims fall outside the two-year
state of limitations and must be dismissed.

III. __Private Defendants__

Finally, two of the Defendants named in this action, Nan Bacon and Steven Jensen, are private individuals. To state a claim under § 1983, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. *L.W. v. Grubbs*, 974 F.2d 119, 120 (9th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993); *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989), *cert. denied*, 493 U.S. 1056 (1990). A private person acts under color of state law if he willfully participates in joint action with state officials to deprive others of their constitutional rights, or deliberately cloaks himself with the authority of state law. *Dang Vang v. Vang Xiong X. Toyed*, 944 F.2d 476, 479 (9th Cir. 1991); *Taylor v. List*, 880 F.2d 1040, 1048 (9th Cir. 1989).

The Court notes Plaintiff makes no allegations supporting a claim that either Nan Bacon or Steven Jensen acted under color of state law. Accordingly, Plaintiff fails to state a claim against these Defendants upon which relief may be granted under § 1983. Even if Plaintiff could cure that deficiency by amendment, however, the action still must be dismissed with prejudice because the claims against these Defendants also are time-barred.

## CONCLUSION

For these reasons, the Court **DISMISSES** Plaintiff's Complaint. Because the deficiencies of Plaintiff's Complaint cannot be cured by amendment, the dismissal is **WITH PREJUDICE.**

IT IS SO ORDERED.

DATED this ___25th___ day of September, 2007.


___/s/ Anna J. Brown_____
ANNA J. BROWN
United States District Judge